**Stanley Reynaldo John SUMANTI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72568.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. Petr. 34(a)(2).

Albert C. Lum, Esq., Law Office of Albert C. Lum, Las Vegas, NV, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Marion E. Guyton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Stanley Reynaldo John Sumanti, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir.2008), and we dismiss in part and deny in part the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**680**

We lack jurisdiction to review Sumanti's contention that changes in asylum law excuse the untimely filing of his application because he failed to raise this issue to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

The record does not compel the conclusion that Sumanti has otherwise established either changed or extraordinary circumstances excusing his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); *see also Ramadan v. Gonzales,* 479 F.3d 646, 648, 657–58 (9th Cir.2007) (per curiam).

Substantial evidence supports the BIA's finding of no past persecution because Sumanti's experiences do not rise to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004) applies to withholding of removal claims, Sumanti has not established a clear probability of future persecution. *See id.* at 1184–85. Lastly, the record does not compel the conclusion that Sumanti demonstrated a pattern or practice of persecution against ethnic Chinese Christians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Sumanti's withholding of removal claim fails.

The record does not compel the finding that Sumanti has established that it is more likely than not that he will be tortured by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**